Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

CASE NO. 26-22405-CIV-D'ANGELO

FILED BY ___ᴍᴄᴏ___ D.C.

APR 1 4 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |
|---|---|
| JEANETTE DOMINGUEZ<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>-v-<br><br>RADIOLOGIC P.L.; SANCHEZ RADIOLOGY P.L;<br>CARLOS SANCHEZ, MD; CARLOS G SANCHEZ<br>M.D..PA.<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued.  If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____  _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes  ● No |

# COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | JEANETTE DOMINGUEZ |
| Street Address | 208 SW 24ᵀᴴ ROAD |
| City and County | MIAMI, DADE COUNTY |
| State and Zip Code | FL 33129 |
| Telephone Number | 407-492-8089 |
| E-mail Address | IMACBILLING130@GMAIL.COM |

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

## B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CARLOS SANCHEZ, MD (INDIVIDUAL) |
| Job or Title *(if known)* | OWNER/PLACE OF BUSINESS C/O RENE MARESMA |
| Street Address | 2975 CORAL WAY |
| City and County | MIAMI, DADE COUNTY |
| State and Zip Code | FL 33145 |
| Telephone Number | 786-615-2027 (FRONT DESK) |
| E-mail Address *(if known)* | manager@precisionhealthcenters.com |

Defendant No. 2

| | |
|---|---|
| Name | RADIOLOGIC P.L. |
| Job or Title *(if known)* | C/O RENE MARESMA MANAGER BILLING |
| Street Address | 2975 CORAL WAY |
| City and County | MIAMI, DADE COUNTY |
| State and Zip Code | FL 33145 |
| Telephone Number | 305-456-7424 BILLING DEPT |
| E-mail Address *(if known)* | manager@precisionhealthcenters.com |

Defendant No. 3

| | |
|---|---|
| Name | SANCHEZ RADIOLOGY/DBA PRECISION HEALTHCTR |
| Job or Title *(if known)* | C/O RENE MARESMA MANAGER BILLING |
| Street Address | 2975 CORAL WAY |
| City and County | MIAMI, DADE COUNTY |
| State and Zip Code | FL 33145 |
| Telephone Number | 786-615-2027 (FRONT DESK) |
| E-mail Address *(if known)* | manager@precisionhealthcenters.com |

Defendant No. 4

| | |
|---|---|
| Name | CARLOS G. SANCHEZ, M.D., PA |
| Job or Title *(if known)* | C/O RENE MARESMA MANAGER BILLING |
| Street Address | 2975 CORAL WAY |
| City and County | MIAMI-DADE |

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

| | |
|---|---|
| State and Zip Code | FL,33145 |
| Telephone Number | 305-456-7424  Billing Dept |
| E-mail Address *(if known)* | manager@precisionhealthcenters.com |

## C.     Place of Employment

The address at which I am employed or was employed by the defendant(s) is

| | |
|---|---|
| Name | RADIOLOGIC PL/SANCHEZ RADIOLOGY |
| Street Address | 2975 CORAL WAY |
| City and County | MIAMI, DADE COUNTY |
| State and Zip Code | FL 33145 |
| Telephone Number | 305-456-7424 |

## II.     Basis for Jurisdiction

This action is brought pursuant to *(check all that apply)*:

☒     Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209.

☐     Relevant state law

☐     Relevant city or county law

## III.   Statement of Claim

State as briefly as possible the facts of your case.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Nature of employer's business:

At all relevant times, Defendants constituted an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act, with annual gross revenues exceeding $500,000 and employees regularly handling goods, services, and materials that moved in interstate commerce, including insurance claims submitted to national and interstate carriers. Defendants operate a high-volume enterprise of medical billing for diagnostic radiology services rendered to hundreds of hospital patients daily. This involves processing thousands of insurance claims for all carriers (Medicare, Medicaid, Tricare, International, and travelers' policies, etc.) across all 50 states and international borders, while also serving the local community through its standalone diagnostic center Precision Healthcenters. This enterprise is an integrated operation consisting of:

a. RADIOLOGIC, P.L. (TIN XX-XXX5679): The primary operational entity holding exclusive contracts for radiology services at five hospitals: Hialeah, Coral Gables, North Shore, Florida Medical Center, and Palmetto General. From 2000 to 2024, with only two hospitals contracts, (Coral Gables and Hialeah) it generated approximately $3 million annually. With five hospitals now under contract, the revenue has significantly increased to approximately $700,000.00 a month per the present manager. Continued in the ATTACHMENT TO COMPLAINT FOR VIOLATIONS OF FLSA

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

B.      Dates of employment:

While this Complaint seeks damages for the statutory period, the following background is provided to demonstrate that the Defendants' violations were willful and intentional.

February 13, 2020: Plaintiff began providing services to Radiologic, P.L. remotely from Virginia. At this inception, Plaintiff operated as a legitimate Independent Contractor, performing limited, targeted tasks related to patient statements using personal equipment and a self-determined schedule. Plaintiff was paid a flat rate of $450.00 per week. (Exhibit A).

March 26, 2020: While still remote in Virginia, Defendant Carlos Sanchez requested additional administrative tasks. Plaintiff's weekly pay was increased to $600.00. At this stage, the "independent contractor" line began to blur as Defendants started requiring specific methods of performance and coordination within set office hours. (Exhibit B).

August 29, 2020-October 17, 2025   Plaintiff started working onsite for Radiolgic, PL. This transition marks the point where the relationship fundamentally shifted from independent contracting to a traditional employer-employee relationship subject to the FLSA as reflected in the rest of this complaint.Up to August of 2024, Dr. Sanchez refused to enter the Plaintiff into the payroll system and demanded invoices so she could get paid. Further down the line he insisted the "invoices" which were the Plaintiff's job duties, be "itemized" giving the illusion of independent contractor status.

C.      Employee's job title and a description of the kind of work done:

Plaintiff served in the Medical Billing Collections Department, labeled as Manager or Supervisor, and then more appropriately as "clerk"due to the lack of operational control. Plaintiff "supervised" and was held responsible for the entire revenue cycle without any say so in the hiring of personnel.
Plaintiff performed non-exempt, manual, and routine clerical work within the revenue cycle of the Defendants' integrated medical enterprise for both Radiologic PL and Sanchez Radiology. These duties were production-based and performed according to established software protocols and office procedures. Specific tasks included:
•       Processing, reviewing, and transmitting high-volume insurance claims.
•       Identifying and correcting claim rejections, exclusions, and billing errors.
•       Posting payments, adjustments, and denials within the billing software.
•       Communicating with insurance companies and patients regarding claim status.
•       Handling telephone inquiries from patients, attorneys, and adjusters.
•       Maintaining billing data and downloading hospital encounter files.
•       Forced Instruction and Gap-Filling: Providing constant technical instruction to newly hired clerks. This was a functional necessity caused by chronic understaffing and the Defendants' refusal to hire experienced personnel. Plaintiff was forced to perform the overflow work of multiple vacant positions, resulting in the massive accrual of unpaid overtime.Plaintiff exercised no independent discretion over significant business policies and had no authority to hire or fire employees, set compensation, or approve overtime. Plaintiff operated under the direct operational control and real-time Continued in the ATTACHMENT TO COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS

D.      Rate, method, and frequency of wage payment:

June 29, 2022 – October 17, 2025 $23.13 per hour; $925.00 per week;  overtime paid at $21.88 per hour, not $34.70, paid via Zelle mainly by Carlos Sanchez, M.D., P.A. upto September 18, 2024, never ontime and never the full amount. Plaintiff was required to submit invoices.  From 9/19/2024 through the Paychex payroll system, paid by Sanchez Radiology every two weeks via direct deposit.

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

E.     Number of hours actually worked each week in which a violation is claimed:

NOTE ON RATE: Plaintiff's regular rate was $23.13/hour. FLSA requires overtime at 1.5x = $34.695/hour. Defendants paid overtime at only $21.88/hour (straight time). The "Amount Owed" per period reflects the unpaid overtime premium differential for each period.

| Week Ending | Total OT | Hours | Underpayment ($12.82/hr) |
|---|---|---|---|
| 3/1/2023 | 66.00 | 26.00 | $333.32 |
| 3/8/2023 | 56.00 | 16.00 | $205.12 |
| 3/15/2023 | 49.25 | 9.25 | $118.59 |
| 3/22/2023 | 60.00 | 20.00 | $256.40 |
| 3/29/2023 | 51.50 | 11.50 | $147.43 |
| 4/5/2023 | 58.00 | 18.00 | $230.76 |
| 4/12/2023 | 61.50 | 21.50 | $275.63 |
| 4/19/2023 | 68.00 | 28.00 | $358.96 |
| 4/26/2023 | 59.00 | 19.00 | $243.58 |
| 5/2/2023 | 50.00 | 10.00 | $128.20 |
| 5/9/2023 | 76.00 | 36.00 | $461.52 |
| 5/16/2023 | 43.00 | 3.00 | $38.46 |
| 5/23/2023 | 40.00 | 0.00 | $0.00 |
| 5/26/2023 | 56.50 | 16.50 | $211.53 |
| 6/7/2023 | 59.50 | 19.50 | $249.99 |
| 6/14/2023 | 40.00 | 0.00 | $0.00 |
| 6/21/2023 | 43.50 | 3.50 | $44.87 |
| 6/28/2023 | 57.00 | 17.00 | $217.94 |
| 7/5/2023 | 53.00 | 13.00 | $166.66 |
| 7/12/2023 | 55.00 | 15.00 | $192.30 |
| 7/19/2023 | 61.00 | 21.00 | $269.22 |
| 7/26/2023 | 67.00 | 27.00 | $346.14 |
| 8/2/2023 | 60.00 | 20.00 | $256.40 |
| 8/9/2023 | 54.00 | 14.00 | $179.48 |
| 8/16/2023 | 50.50 | 10.50 | $134.61 |
| 8/23/2023 | 67.00 | 27.00 | $346.14 |
| 8/30/2023 | 45.75 | 5.75 | $73.72 |
| 9/6/2023 | 55.50 | 15.50 | $198.71 |
| 9/13/2023 | 54.25 | 14.25 | $182.69 |
| 9/20/2023 | 61.75 | 21.75 | $278.84 |

Continued in ATTACHMENT TO COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS

F.     Description of the alleged violation(s) *(check all that apply)*:

☐          Failure to pay the minimum wage *(explain)*

☒          Failure to pay required overtime *(explain)*

Defendants willfully violated the FLSA by misclassifying the Plaintiff as an independent contractor to avoid paying required overtime premiums. Despite performing duties integral to the Defendants' medical practice and being subject to the Defendants' control, Plaintiff was forced to submit 'itemized invoices' for job duties to create the illusion of a contractor relationship.

Defendants failed to pay the required 1.5x overtime rate ($34.70/hr) for all hours worked in excess of 40 per week. Instead, Defendants paid a sub-straight-time rate of only $21.88/hr for overtime hours—a rate lower than the Plaintiff's regular rate of $23.13/hr. Furthermore, Defendants violated the FLSA by failing to establish a regular payday, frequently issuing partial and sporadic payments via Zelle and personal accounts weeks after the wages were due. On February 28, 2024, Defendants further demonstrated a lack of proper payroll oversight when two checks totaling $2,896.19 were returned for insufficient funds. Defendants willfully misclassified Plaintiff to evade statutory tax and insurance obligations, which directly harmed the Plaintiff's long-term financial security and Social Security credits. While Plaintiff earned $66,625.96 in 2023 and $60,499.00 in 2024, Defendants intentionally underreported this income to the IRS, reporting as little as $3,000.00 for the 2023 tax year. This gross underreporting allowed Defendants to avoid paying the employer's share of FICA, Medicare, and unemployment taxes on over $100,000.00 in total wages, providing a clear financial motive for the illegal misclassification and the denial of overtime premiums.

☒　　　Other violation(s) *(explain)*

Time Shaving and Unilateral Wage Reduction"
"In September 2024, Plaintiff was finally transitioned to the Paychex payroll system. However, Defendants committed the following additional violations:
• 　　Time Shaving: Defendants manually deleted recorded hours from the payroll system to avoid paying overtime. For the period 10/05–10/16/2024, Plaintiff worked 61.77 hours but was only paid for 52.00. For 09/19-10/2/2024, Plaintiff worked 82.50 hours but was only paid for 80.00.
• 　　Unpaid Straight Time: By deleting these hours, Defendants failed to pay even the 'straight time' hourly rate for hours worked, a violation of the FLSA's requirement to pay for all hours worked.
• 　　Unilateral Wage Reduction: Without notice, Defendants reduced Plaintiff's hourly rate from $23.13 to $23.00 simultaneously with the transition to Paychex, further reducing Plaintiff's total compensation.

G.　　　Date(s) of the alleged violation(s):

Continuous violations from April 11, 2023, through October 2024. While work was performed starting in early 2023, Defendants failed to provide a regular payday and made only partial, sporadic payments via Zelle. The first actionable underpayment for the March 2023 work period was not finalized/paid until April 11, 2023, bringing all subsequent claims within the 3-year willful violation window.
Continued in the ATTACHMENT TO COMPLAINT FOR VIOLATIONS OF FLSA

H.　　　Additional facts:

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

Continued in the ATTACHMENT TO COMPLAINT FOR VIOLATIONS OF FLSA

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Plaintiff URGENTLY requests an emergency injunction to prevent any third-party retaliation (29 U.S.C. § 215(a)(3)) against Desiree Borges, Plaintiff's daughter and a current employee. Desiree is a vulnerable individual with a known mental health disability. Plaintiff seeks this immediate protection to ensure the Defendants do not use her daughter's employment or mental health as a tool for intimidation or reprisal.
2. The claim includes unpaid overtime premiums from the period Plaintiff was misclassified as a contractor, and unpaid straight-time wages for hours that were manually deleted from the Paychex system after Plaintiff was transitioned to employee status. Plaintiff seeks $30,902.82. See ATTACHMENT TO COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      4/14/2026

Signature of Plaintiff    *Jdominguez*

Printed Name of Plaintiff     JEANETTE DOMINGUEZ

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

**B.     For Attorneys**

Date of signing:                        _____

Signature of Attorney               _____

Printed Name of Attorney         _____

Bar Number                            _____

Name of Law Firm                   _____

Street Address                         _____

State and Zip Code                  _____

Telephone Number                  _____

E-mail Address                       _____