## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

Judge Ellen Frances D'Angelo

Case No. 1:26-cv-22405-EFD

JEANETTE DOMINGUEZ,

    Plaintiff,

      v.

RADIOLOGIC P.L.;

SANCHEZ RADIOLOGY P.L.;

CARLOS SANCHEZ, M.D.;

CARLOS G. SANCHEZ, M.D., P.A.,

    Defendants.

_____/

FILED BY _____ D.C.

MAY 12 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED CONSIDERATION

### INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Plaintiff filed the present action on April 7, 2026.

3. Prior to and contemporaneously with filing this action, Plaintiff expressed concern regarding potential retaliation, including retaliation directed toward Plaintiff's daughter, who remained employed within Defendants' integrated enterprise.

4. Within days after Defendants received notice of this action, Plaintiff's daughter was terminated from employment.

5. Furthermore, more importantly, Plaintiff was informed on May 8, 2026, by Defendants' manager that the entity 'Sanchez Radiology'—the hub for Defendants' payroll and operations—is being threatened with immediate closure. This imminent 'shut down' poses a direct threat to the Court's jurisdiction and risks the permanent loss of all digital evidence, including the AI-driven charge entry, audit logs, production audits and surveillance *and audio* footage from at least 12 cameras *used to monitor employees*, likely stored on specialized computer unit (DVR or NVR) necessary to prove Plaintiff's claims. Plaintiff's daughter sits under and between two of those cameras.

6. Plaintiff seeks emergency relief to prevent further retaliation, preserve relevant evidence, and maintain the status quo pending adjudication of this matter. The "closing" of Sanchez Radiology can lead to spoliation of evidence and can be avoided, unlike the firing of the Plaintiff's daughter.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the acts giving rise to this action occurred in Miami-Dade County, Florida.

9. The Defendants operate as a Single Integrated Enterprise and/or Joint Employers. Although they utilize multiple corporate names, they share common management, centralized control of labor relations, interrelation of operations, and common ownership—functioning as a

single horizontal business unit for the purpose of FLSA jurisdiction *under 29 U.S.C. § 203(r).*

10. *In addition,* Defendants fall under *Sub Section 3(s)(1)(B) of the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 203(s)(1)(B), due to the fully* **intertwined billing and operational systems used for production work to generate revenue.** *The hospitals provide the mandatory software for patient records and clinical diagnoses to bill the technical components of the services rendered, while the Defendants provide the professional interpretation and bill for professional component of the same, exact services. The Plaintiff did that production work,* **was paid by the hour** *and has been classified as a W2 employee by the IRS for tax purposes and the Department of Revenue, to collect unemployment.*

## FACTUAL BACKGROUND

11. Plaintiff alleges in the Complaint that Defendants operated as an integrated enterprise with common ownership, common management, interrelated operations, and centralized control over labor and employment decisions.

12. Plaintiff engaged in protected activity under the FLSA by filing the present action and asserting statutory wage rights.

13. Defendants officially became aware of the lawsuit on May 6, 2026 after Plaintiff delivered an offer to settle in person and via email. The same day, Plaintiff's daughter was terminated by the Defendants and because she is also misclassified as a 1099 will suffer the same roadblocks to collect unemployment.

14. Emails attached as exhibits reflect discussions concerning operational restructuring, payroll practices, and whether employees "work for Radiologic."

15. Upon information and belief, Defendants have additionally discussed closing or restructuring portions of the enterprise following commencement of this litigation.

16. Plaintiff has reason to believe relevant records, electronically stored information, payroll information, communications, scheduling records, audit histories, and witness access may be compromised absent immediate court intervention.

17. Plaintiff is informed and believes portions of the workplace were subject to continuous video surveillance, including surveillance cameras positioned in proximity to the workstation referenced herein.

18. Plaintiff further believes such systems may contain audio and video evidence relevant to workplace operations, employee activity, communications, and the circumstances surrounding the termination referenced herein.

19. Plaintiff is concerned that surveillance systems and other electronic records may be subject to automatic deletion, overwriting, alteration, or routine data loss absent preservation measures.

20. The retaliatory conduct described herein is ongoing and threatens immediate and irreparable harm to Plaintiff and the integrity of these proceedings.

## LEGAL STANDARD

21. A temporary restraining order and preliminary injunction may issue where the movant demonstrates:

    a.  a substantial likelihood of success on the merits;

    b.  irreparable injury absent injunctive relief;

    c.  the threatened injury outweighs any damage the proposed injunction may cause the opposing party; and

    d.  the injunction would not be adverse to the public interest.

## ARGUMENT

### I. *PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS*

22. The FLSA prohibits retaliation against employees who assert rights protected under the statute. 29 U.S.C. § 215(a)(3).

23. Plaintiff engaged in protected activity by filing the present FLSA action.

24. Defendants became aware of Plaintiff's protected activity.

25. Within days thereafter, Defendants terminated Plaintiff's daughter, who remained employed within the same integrated enterprise identified in the Complaint.

26. The close temporal proximity between Defendants' knowledge of the lawsuit and the termination supports a strong inference of retaliatory motive.

27. Plaintiff has therefore demonstrated a substantial likelihood of success on the merits.

### II. PLAINTIFF WILL SUFFER IRREPARABLE HARM

28. Absent immediate injunctive relief, Plaintiff faces irreparable harm including continued retaliation, intimidation, interference with witnesses, emotional harm, and *risk of destruction or loss of relevant evidence*.

29. Monetary damages alone are insufficient to remedy the ongoing harm and interference with the integrity of these proceedings.

### III. BALANCE OF EQUITIES FAVORS PLAINTIFF

30. The threatened injury to Plaintiff outweighs any potential harm to Defendants because the requested relief merely requires compliance with federal law and preservation of relevant evidence.

## IV. THE PUBLIC INTEREST SUPPORTS INJUNCTIVE RELIEF

31. The public interest favors enforcement of the Fair Labor Standards Act and protection of employees who assert statutory rights without fear of retaliation.

## REQUESTED RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Enter a Temporary Restraining Order and Preliminary Injunction prohibiting further retaliation related to this litigation;

B. Order Defendants to preserve all payroll records, employment records, electronically stored information, emails, text messages, surveillance video, audio recordings, scheduling records, audit histories, financial records, and other evidence relevant to this action;

C. Prohibit destruction, alteration, transfer, overwriting, or deletion of relevant evidence pending resolution of this case; including specific communication between Dr. Sanchez and his managers.

D. Grant expedited consideration of this Motion; and

E. Grant such further relief as the Court deems just and proper.

## RULE 65 CERTIFICATION

Plaintiff certifies that immediate and irreparable injury will occur absent emergency relief because the retaliatory conduct described herein is ongoing and threatens additional harm and loss of evidence.

Respectfully submitted,

JEANETTE DOMINGUEZ

Plaintiff, Pro Se

208 SW 24th Road Miami, Fl 33129

Phone: 407-492-8089

Email: imacbilling130@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this _____ day

of _____, 2026, by _____.

Jeanette Dominguez

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

Judge Ellen Frances D'Angelo

Case No. 1:26-cv-22405-EFD

JEANETTE DOMINGUEZ,

    Plaintiff,

      v.

RADIOLOGIC P.L.;

SANCHEZ RADIOLOGY P.L.;

CARLOS SANCHEZ, M.D.;

CARLOS G. SANCHEZ, M.D., P.A.,

  Defendants.

_____/

### (PROPOSED) EMERGENCY TEMPORARY RESTRAINING ORDER AND ORDER TO PRESERVE EVIDENCE

**THIS CAUSE** came before the Court upon Plaintiff's Emergency Motion for a Temporary Restraining Order. Having reviewed the Motion and the Sworn Affidavit of Jeanette Dominguez, and finding that immediate and irreparable injury, loss, or damage will result to the Plaintiff before the adverse party can be heard in opposition, it is hereby:

**ORDERED AND ADJUDGED** that Defendants, including their officers, agents, and employees (specifically including William Soto, Rene Maresma, Emmanuel Sanchez), shall:

1. **PRESERVE ALL DIGITAL EVIDENCE:** Immediately cease any deletion, overwriting, or modification of all digital and electronic records from May 1, 2024, to the present, including but not limited to:

   - **AdvancedMD Data:** All "Audit History," "Productivity Reports," and "AI-driven charge entry and edit logs" for both accounts (Sanchez Radiology and Radiologic PL) **Gulf Coast upload history**, and my **seized recorder**

   - **Surveillance Footage:** All video and audio recordings from the 12 cameras (approximately) at Sanchez Radiology / Precision Healthcenters office, specifically those stored on any DVR, NVR, or cloud-based server .

2. **PRESERVE PAYROLL RECORDS:** Maintain all payroll, tax, and banking records for Radiologic P.L., Sanchez Radiology P.L., and Carlos G. Sanchez, M.D., P.A., regardless of any threatened "shut down" or corporate dissolution.

3. **PRESERVATION OF COMMUNICATIONS:** Defendants shall immediately preserve all communications, including but not limited to text messages, emails, and instant messages (such as WhatsApp), between Dr. Carlos Sanchez and his managers (specifically Rene Maresma, Sheila Vega, William Soto and Emmanuel Sanchez) concerning:

   a. The employment and/or termination of Desiree Borges;

   b. The potential dissolution, closing, or restructuring of any Defendant business entity;

   c. The termination of Jeanette Dominguez; and

2

d.  Any investigations or communications involving the Department of Revenue or the IRS related to the Plaintiff's misclassification and payroll."

4.  **CEASE RETALIATION:** Defendants are ENJOINED from taking any further retaliatory action against Plaintiff or her immediate family members pursuant to 29 U.S.C. § 215(a)(3).

5.  **STATUS QUO:** Defendants shall not destroy, transfer, or conceal assets or records of Sanchez Radiology P.L. intended to frustrate the discovery process or the Court's jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ day of May, 2026.

_____

**UNITED STATES DISTRICT JUDGE**

**Service List**

**Jeanette Dominguez**

Plaintiff, *Pro Se*

208 SW 24th Road

Miami, FL 33129

Email: imcabilling130@gmail.com

**Radiologic, P.L.**

c/o Lugallo Accounting Inc., Registered Agent

1820 N Corporate Lakes Blvd, Suite 207

Weston, FL 33326

3

**Sanchez Radiology, P.L. / Precision Healthcenters**

c/o Lugallo Accounting Inc., Registered Agent

1820 N Corporate Lakes Blvd, Suite 207

Weston, FL 33326

**Carlos Sanchez, MD**

5225 Fairchild Way

Coral Gables, FL 33156

**Carlos G. Sanchez M.D., P.A.**

c/o Carlos Sanchez M.D., Registered Agent

166 Palm Avenue

Miami Beach, FL 33139