UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22405-CIV-D'ANGELO

JEANETTE DOMINGUEZ,

      Plaintiff,

vs.

RADIOLOGIC P.L., *et al.*,

      Defendants.

                               /

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Jeanette Dominguez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Plaintiff's Emergency Motion to Expedite IFP filed on May 12, 2026 (DE 14; DE 15).[1]  Having considered the Motions, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order (DE 14) is **DENIED WITHOUT PREJUDICE**.  It is further **ORDERED** that Plaintiff's Emergency Motion to Expedite IFP (DE 15) is **GRANTED**, insofar as the Court has reviewed Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (DE 2), which is **DENIED WITHOUT PREJUDICE**.  As set forth below, Plaintiff may refile her Motion for Temporary Restraining Order and Preliminary Injunction and

---

[1] Pursuant to Administrative Order 2025-11 ("Administrative Order"), the undersigned United States Magistrate Judge has been assigned as the presiding judge for all purposes in this case, including entering a dispositive order and final judgment.  On April 14, 2026, Plaintiff filed written consent to the undersigned Margistrate Judge's jurisdiction in this matter (DE 11).

her Motion for Leave to Proceed *In Forma Pauperis*, along with a Second Amended Complaint, as set forth in this Order.

### A. Emergency Motion for Temporary Restraining Order

In the Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff states that a temporary restraining order is necessary to prevent irreparable harm including retaliation by Defendants and potential loss or destruction of evidence (DE 14 ¶ 28). Plaintiff asks this Court to enter a temporary restraining order prohibiting Defendants from further retaliation and require Defendants to preserve all evidence relevant to this action (*id.* at 6). However, Plaintiff's Emergency Motion is procedurally deficient under Federal Rule of Civil Procedure 65(b), which governs the issuance of a temporary restraining order, and Southern District of Florida Local Rule 7.1(d). Under Rule 65, a court may issue a temporary restraining order without notice to the opposing party only if:

> Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,] . . . and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). "To obtain *ex parte* relief, a party must strictly comply with these requirements." *Emerging Vision, Inc. v. Glachman*, No. 10-CIV-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010) (emphasis in original). Here, Plaintiff's Emergency Motion fails to comply with the requirements of Rule 65(b)(1). Specifically, Plaintiff's Motion does not include a written certification stating the efforts Plaintiff made to give notice to the adverse party of this Motion. *See Frumar Agri Foods (P) Ltd. v. RRK Foods Inc.*, No. 25-CIV-61105, 2025 WL 1704777, at *2 (S.D. Fla. June 18, 2025) ("Plaintiff have [sic] not provided any evidence to this Court that they even attempted to provide Defendants with notice of *this Motion*. Without even attempting to provide notice, Plaintiffs fail to meet Rule 65(b)(1)(B)'s requirement that 'the

movant's attorney certifies in writing any efforts made to give notice' to the Defendants.").

Nor has Plaintiff offered compelling reasons why such notice should not be required. Plaintiff submitted an Affidavit, in which she stated that Defendants may be closing their business and therefore, evidence of her claim could be destroyed (DE 16 ¶¶ 15, 17).  But the correspondence she attached to her Motion provided conflicting statements about if and when Defendants are closing their business (*id.* at 16).  Plaintiff also has not offered any evidence that Defendants intend to destroy evidence related to Plaintiff's employment; Plaintiff's claim regarding the destruction of evidence is solely speculative.  *See Frumar Agri Foods (P) Ltd.*, 2025 WL 1704777, at *2 (questioning "whether there are sufficient 'specific facts' that 'clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*[.]'" (emphasis in original)).  Plaintiff's Motion and Affidavit fall short of providing specific facts that show immediate and irreparable injury will result *before* Defendants can be heard.  Accordingly, Plaintiff fails to meet the procedural requirements for an *ex parte* temporary restraining order.

Moreover, Local Rule 7.1(d) provides that a party seeking emergency relief "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." S.D. Fla. Local R. 7.1(d)(1).  A motion requesting emergency action must also contain a certification, before the signature block, stating that the matter is a true emergency.  *Id.*  Here, Plaintiff's Motion does not set forth the date by which a ruling is necessary and does not contain the required certification of emergency under the Local Rules (DE 14). Therefore, the Emergency Motion does not comply with the aforementioned rules (*see* DE 6 at 1 ("Plaintiff . . . shall comply with all applicable Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida")).  Plaintiff may refile her Motion for Temporary Restraining

Order and Preliminary Injunction after complying with all requirements set forth above.  Plaintiff should note that "[t]here are 'very few circumstances justifying the issuance of an *ex parte* TRO.'" *Emerging Vision*, 2010 WL 3293346, at \*4.  In any renewed Motion, Plaintiff should state whether Defendants have been served with the Motion for Temporary Restraining Order and the specific efforts she has made to affect service.

### B.  Emergency Motion for Expedited IFP

Since Plaintiff seeks leave to proceed *in forma pauperis*, the screening provisions of Title 28, United States Code, Section 1915(e) apply.  Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Here, it is unclear what claims Plaintiff is attempting to assert against which Defendants, as the Complaint does not contain identified separate causes of action through separate numerical counts that specify which Defendant against the claim is being brought (*see generally* DE 15).  While Plaintiff's Complaint generally alleges violations of the Fair Labor Standards Act, including failure to pay overtime and employee misclassification, the Complaint also fails to cite the statutory or other authority for each cause of action and set forth specific facts as to each Defendant's conduct that gives rise to the claim (*id.*).

In light of the foregoing issues, the Court will provide Plaintiff with an opportunity to file a Second Amended Complaint.  To the extent possible, all future filings in this case should be typed.  But to the extent Plaintiff is unable to file typewritten papers, she must ensure that her handwriting is legible.  Additionally, Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any amended Complaint to plausibly state a claim.  *Pro se* pleadings

are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted).

Plaintiff should specifically ensure that the Second Amended Complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  In accordance with Rule 8(a), Plaintiff's Amended Complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim [for] relief that is plausible on its face."  *Id.* at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's factual allegations in the Amended Complaint must satisfy the requisite pleading standard, clarify what claim Plaintiff seeks to bring against which Defendants, and should allege what each Defendant did to give rise to a claim.  Moreover, in the Amended Complaint, Plaintiff must state the claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Each cause of action should be identified in separate, consecutively numbered counts, along with the defendant against whom

5

the count is brought and the supporting factual allegations.  When Plaintiff files her Second Amended Complaint in compliance with this Order, she may also file a renewed request to proceed *in forma pauperis*.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1.      Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (DE 14) is **DENIED WITHOUT PREJUDICE** to refiling upon full compliance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida.

2.      Plaintiff's Emergency Motion for Expedited IFP (DE 15) is **GRANTED**. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (DE 2) is **DENIED WITHOUT PREJUDICE**.  Plaintiff shall file a Second Amended Complaint that complies with this Order on or before **May 27, 2026**.  Failure to do so may result in the Court dismissing this action without further notice.  When Plaintiff files her Second Amended Complaint in compliance with this Order, she may also file a renewed request to proceed *in forma pauperis* and a renewed Motion for Temporary Restraining Order and Preliminary Injunction that fully complies with the applicable Rules.

**DONE and ORDERED** in Chambers in Miami, Florida on this 13th day of May, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:      *Pro Se* Plaintiff Jeanette Dominguez
         All Counsel of Record