**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22405-CIV-D'ANGELO**

**JEANETTE DOMINGUEZ,**

      **Plaintiff,**

**vs.**

**RADIOLOGIC P.L.,** *et al.*,

      **Defendants.**

                             /

## ORDER DENYING PLAINTIFF'S MOTION FOR CM/ECF REGISTRATION, PACER FEE WAIVER, AND LEAVE TO SUBSTITUTE EXHIBITS

**THIS CAUSE** is before the Court on Plaintiff Jeanette Dominguez's Motion for CM/ECF Registration, Pacer Fee Waiver, and Leave to Substitute Exhibits filed on April 10, 2026 (DE 4).[1] Having considered the Motion, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for CM/ECF Registration, PACER Fee Waiver, and Leave to Substitute Exhibits (DE 4) is **DENIED.**

### A.  CM/ECF Electronic Filing Privileges

In the Motion, Plaintiff requests permission to register and use CM/ECF to electronically file documents in this case (*id.* ¶ 4).  Plaintiff asserts that this will prevent future legibility issues, because it will allow her to directly upload digital files rather than needing to print and

---

[1] Pursuant to Administrative Order 2025-11 ("Administrative Order"), the undersigned United States Magistrate Judge has been assigned as the presiding judge for all purposes in this case, including entering a dispositive order and final judgment.  On April 14, 2026, Plaintiff filed written consent to the undersigned Magistrate Judge's jurisdiction in this matter (DE 11).

subsequently mail the documents to the Court (*id.*).  Under Section 2C of the Court's CM/ECF

Administrative Procedures, *pro se* litigants are not allowed to make filings through CM/ECF:

> Pro se litigants will not be permitted to register as Users at this time and must file their documents in the conventional manner. Pro se litigants may access the electronic record at the public counter in the Clerk's Office in all divisions or through PACER. Pro se litigants will be served and noticed by U.S. mail or in person (or, if agreed, by e-mail), unless there is consent to receive notices electronically as indicated below.
>
> Pro se litigants (non-prisoner) interested in receiving notices electronically must file the form "Consent by Pro Se Litigants (Non-Prisoner) to Receive Notice of Electronic Filing" which can be found on the Court's website (http://www.flsd.uscourts.gov/forms/consent-pro-se-litigant-non-prisonerreceive-nefs). After filing the consent, pro se litigants will receive case orders, notices and other documents filed via email. Paper copies of filings will no longer be sent by the Court or opposing counsel in that particular case. Note: Pro se litigants who consent to receiving notices electronically are responsible for maintaining a current email address with the Court (See Section 3D).

Plaintiff has not provided sufficient reasons for the Court to depart from this policy.  Accordingly,

Plaintiff's request for CM/ECF registration is **DENIED.**

### B.  PACER Fee Waiver

Plaintiff additionally requests the Court to enter an Order exempting Plaintiff from PACER

fees for all access related to this case (*id.* ¶ 4).  Plaintiff cites financial hardship as the basis for her

request (*id.* ¶ 5).  Pursuant to PACER's policy, users signed up to receive electronic filings are

allowed one "free look" at a document and can print or download each docket entry once for free.

Users who are not signed up to receive electronic filings can still access documents once for free

if viewed from the courthouse.  After one free look, the normal PACER fees will apply.  Each

additional view will generally cost $0.10, and users are not charged until after they accrue more

than $30.00 in fees in a quarterly billing cycle.   Plaintiff can avail herself of the one free look

PACER allows at the courthouse to review filings, docket activity, and other documents as needed.

In addition, she will continue to receive a copy of all orders and filed documents by mail.

"Exemptions from PACER fees are uncommon, and *in forma pauperis* status alone does not support a request to waive PACER fees."  *McNeal v. Coleman*, No. 5:19-CV-50, 2020 WL 4677525, at *5 (S.D. Ga. Aug. 12, 2020), *report and recommendation adopted*, No. 5:19-CV-50, 2020 WL 5245134 (S.D. Ga. Sept. 2, 2020) (noting that the plaintiff had not justified the waiver of PACER fees because he would still receive a copy of all filed documents in the mail, and if he chose to access documents through PACER, the PACER fee is $0.10 per page retrieved with a cap of $3.00 for any single document).  Therefore, the Court does not find that Plaintiff has demonstrated good cause for the requested relief.  Accordingly, Plaintiff's request for a PACER fee waiver is **DENIED**.

### C. Leave to Substitute Exhibits

Lastly, Plaintiff requests that the Court grant leave to substitute certain exhibits filed with the Complaint (DE 4 ¶¶ 1-3).  Specifically, Plaintiff would like to substitute Exhibit S to the Complaint with a more legible copy of the same exhibit (*id.*).  In light of the Court's May 13, 2026 Order requiring Plaintiff to file a Second Amended Complaint (DE 17), Plaintiff's request is **DENIED AS MOOT.**  Plaintiff may file the replacement exhibit with the Second Amended Complaint if she would like to do so.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for CM/ECF Registration, PACER Fee Waiver, and Leave to Substitute Exhibits (DE 4) is **DENIED.**

**DONE and ORDERED** in Chambers in Miami, Florida on this 14th day of May, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:      *Pro Se* Plaintiff Jeanette Dominguez
         All Counsel of Record

3